IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALVIN ALVARADO-DAVID,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

**Civil No. 12-1566 (SEC)**

**OPINION AND ORDER**

Before the Court are the defendant's motion to dismiss (Docket # 9), and the plaintiff's opposition thereto (Docket # 14). After reviewing the filings and the applicable law, the defendant's motion is hereby **GRANTED**.

**Factual and Procedural Background**

Alvin Alvarado-David (Plaintiff) is a federal inmate incarcerated at the Metropolitan Detention Center (MDC) in Guaynabo, Puerto Rico. On December 29, 2010, at approximately 1:30 a.m., Plaintiff was at the upper bunk of his cell and, while getting out of bed, he slipped and fell to the floor hitting the toilet bowl. Docket # 1, p. 2. Plaintiff allegedly broke his frontal teeth and his upper lip. Id. Four stitches were placed on his lip. Id. at p. 3. Plaintiff alleges that he fell because his bunk bed was not equipped with a ladder or any other appropriate equipment to access the upper bunk, so he had to climb to his bunk by leaning on the sink and a chair. Id.

Plaintiff filed the present suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, alleging that the United States of America (Defendant) is liable for the

damages suffered because of its "failure to provide inmates with the adequate equipment to climb their bunks." Id. Defendant moved to dismiss the present action under Fed. R. Civ. P. 12(b)(1), alleging lack of subject-matter jurisdiction under the discretionary function exception set forth at 28 U.S.C. § 2680 of the FTCA.

**Standard of Review**

Fed. R. Civ. P. 12(b)(1) is the appropriate vessel for challenging a court's subject-matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-3 (1st Cir. 2001). In reviewing a motion to dismiss under this rule, the court construes the plaintiffs' allegations liberally and "may consider whatever evidence has been submitted, such as … depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks and citations omitted).[1] Accordingly, this court is empowered to "[w]eigh the evidence and make factual determinations, if necessary, to determine whether it has jurisdiction to hear the case." Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n.6 (1st Cir. 2012) (citing Torres-Negrón v. J&N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007)). When faced with a jurisdictional challenge, courts must credit the plaintiffs' well-pleaded factual averments and indulge every reasonable inference in the pleader's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentín, 254 F.3d at 363). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citations omitted).

---

[1] A party may submit affidavits or other evidence in connection with a Rule 12(b)(1) motion since the validity of this defense is rarely apparent on the face of the pleading and the motion raising it. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2004); see also Conservation Council of Western Australia, Inc. v. Aluminum Co. of America, 518 F. Supp. 270, 277 n. 13 (D.Pa. 1981).

**Applicable Law and Analysis**

The FTCA "'was designed primarily to remove the sovereign immunity of the United States from suits in tort.'" Millbrook v. United States, 133 S.Ct. 1441 (2013) (citing Levin v. United States, 133 S.Ct. 1224, 1228 (2013)). It gives "district courts, exclusive jurisdiction of civil actions on claims against the United States, … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "Substantively, the FTCA makes the United States liable 'to the same extent as a private individual under like circumstances,' under the law of the place where the tort occurred." Levin, 133 S.Ct. at 1228 (citing 28 U.S.C. §§ 1346(b)(1) & 2674).

The waiver of sovereign immunity, however, is subject to several exceptions. See 28 U.S.C. 2680. As relevant here, the "discretionary function" exception precludes government liability for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "Proper invocation of this exception means that the government will be shielded from liability, no matter how negligenty an employee may have acted." Santana-Rosa v. United States, 335 F.3d 39, 42 (1st Cir. 2003). The Supreme Court has held that "the discretionary function exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" Id. (citing Berkovitz by Berkovitz v. United States,

486 U.S. 531, 536 (1988)); see also United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). "Governmental operations would be burdened, if not paralyzed, with courts 'second guessing' policy decisions through the medium of tort law." Id. (citing Berkovitz, 486 U.S. at 536-37).

The discretionary function exception applies "if the conduct underlying an FTCA claim both (1) 'involves an element of judgment or choice,' and (2) 'was susceptible to policy-related analysis.'" Sánchez ex rel. D.R.-S. v. United States, 671 F.3d 86, 93 (1st Cir. 2012) (citations omitted). If both requirements are satisfied, there is no subject-matter jurisdiction for the claim. Carroll, 661 F.3d at 100. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" United States v. Gaubert, 499 U.S. 315 at 322 (quoting Berkovitz, 486 U.S. at 536). When, however, "the government actors in question have latitude to make decisions and choose among alternative courses of action, the conduct is discretionary." Ortiz-Lebrón v. United States, No. 10-1513, 2012 WL 6552782, at * 12 (D.P.R. Dec. 14, 2012) (citing Bolduc v. United States, 402 F.3d 50, 61 (1st Cir. 2005)). If the Court determines that the first prong is met, it must then assess whether the Government's actions were of the kind that the discretionary function exception was designed to shield -that is, whether the exercise of discretion involves or is susceptible to policy-related judgments. Carroll, 661 F.3d at 104 (citing Abreu v. United States, 468 F.3d 20, 26 (1st Cir. 2006)); Santana-Rosa, 335 F.3d at 43 (citing Gaubert, 499 U.S. at 325). There is a presumption "that

the exercise of discretion by a government official implicates a policy judgment." Carroll, 661 F.3d at 104.[2]

In his complaint, Plantiff alleges that he suffered damages due to Defendant's negligence in failing to provide him "with a stair or any other equipment to climb his bunk and instead he had to climb to his bunk leaning on the sink and a chair." Docket # 1, ¶ 5. Defendant counters, however, that the decision to provide ladders for bunk beds falls within the discretionary function exception. It argues that the first prong of the discretionary function exception is satisfied because the decision "involves issues of safety, involves discretion and is not specifically covered by any federal statute." Docket # 9, p. 7. Citing Bultema v. United States, Defendant further avers that the second prong is also met because the decision not to install ladders, guardrails or any other unidentified equipment in the bunk beds at MDC Guaynabo presents safety and security concerns that involve an "across-the-board policy-making judgment." See Docket # 9, p. 7-8; Bultema v. United States, 359 F.3d 379, 383 (6th Cir. 2004). In his response to the motion to dismiss, Plaintiff merely denies the applicability of the exception, and neither refutes Defendant's contentions nor provides arguments in his favor. For the reasons discussed below, the Court agrees with the Defendant.

It is the duty of the Bureau of Prisons (BOP) to "have charge of the management and regulation of all Federal penal and correctional institutions; provide suitable quarters and

---

[2] In Carroll, the First Circuit noted that "[o]ur precedent places the burden on the plaintiff to show that discretionary conduct was not policy-driven and, hence, falls outside the exception." 661 F.3d at 100 n. 15; but see id. (citing Hart v. U.S., 630 F.3d 1085, 1089 n.3 (8th Cir. 2011) (noting a circuit split on whether the plaintiff or the government bears the burden of proof on the discretionary function exception).

provide for the safekeeping, care, … subsistence, … protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(1), (2) and (3); see also 28 C.F.R. § 0.95. This statutory provision is written in very general terms, and although it "sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty." Parrott v. United States, 536 F.3d 629, 637 (7th Cir. 2008) (citing Calderón v.United States, 123 F.3d 947, 950 (7th Cir. 1997)); see also Montez ex rel. Estate of Hearlson v. U.S., 359 F.3d 395, 396 (6th Cir. 2004) ("[E]ven if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception" (citing Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998))).

Here, Defendant filed a declaration of the Acting MDC Warden at the time, Edwin Pérez-Salva, which states that "[t]here are no rules, regulations or mandatory directives issued by either the United States Department of Justice or BOP concerning the provision of ladders or any other equipment to climb up and down the upper bunk beds at federal correctional facilities." Docket # 9-5, ¶ 2. He further states that, for safety reasons, this decision is made independently by the administrators of each federal correctional facility, and that at MDC, the decision was not to provide ladders or other equipment to climb up and down from upper bunk beds. Id. ¶¶ 3 & 4.

On the other hand, Plaintiff has not cited any rules or regulations governing the use of ladders and/or bunk beds in correctional facilities. Since there are no specific rules or regulations prescribing the course of action to follow, and the decision has been left to the

discretion of the administrators of each facility under the general duty of care and duty to manage and regulate federal correctional institutions stated in § 4042, it is clear that the decision "involves an element of judgment or choice." Accordingly, the first prong is met.

The second prong is also satisfied. The Court agrees with Defendant that the action in question is susceptible to policy analysis. The conduct is susceptible to policy analysis if "'some plausible policy justification could have undergirded the challenged conduct;' it is not relevant whether the conduct was 'the end product of a policy-driven analysis.'" Sánchez ex rel. D.R.-S., 671 F.3d at 93 (citing Shansky v. United States, 164 F.3d 688, 692 (1st Cir. 1999)). Moreover, "the actions of Government agents involving the necessary element of choice and grounded in the social, economic, or political goals of the statute and regulations are protected." Gaubert, 499 U.S. at 323.

According to Warden Pérez-Salva's declaration, as well as the decisions of other courts that have considered this matter, ladders are generally not provided in correctional facilities for safety reasons. Docket # 9-5, ¶ 4; see also Bultema, 359 F.3d at 379 (6th Cir. 2004); Manning v. Flock, 2012 WL 1078227, No. 11-0293 (March 30, 2012); Francis v. United States, 2011 WL 3563146, No. 10-1474 (D.Conn. Aug. 12, 2011). Ladders can be broken off and used as weapons or escape devices. Id. In Bultema, the Sixth Circuit agreed with the district court's reasoning that

> with respect to [the] claim that the bunk beds should have had ladders and/or guardrails, this, too, is a discretionary call to be made by prison administrators. There were valid safety and security concerns relating to the beds at issue. Guardrails, and sometimes ladders, are not included because of the danger that they can be broken off and used as weapons or escape devices. 359 F.3d at 384 (citing Bultema v. United States, 195 F.Supp.2d 1001, 1008 (N.D.Ohio 2002)).

Therefore, it is clear that the decision whether to provide ladders to access bunk beds is within the administrators' discretion, which shall be exercised after balancing competing objectives such as safety concerns, institutional resources, and other particularities of the correctional facility at issue. "Prison administrators … should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-2. (1986); see also Hudson v. McMillian, 503 U.S. 1, 7 (1992); Jackson v. United States, No. 06-88, 2007 WL 2033902 (W.D.Pa. July 12, 2007) (The Court relied on the wide-ranging deference afforded to prison administrators to maintain institutional security to find that the decision not to add ladders to bunk beds was due to prison and inmate safety, and that this was "precisely the type of policy decision that is protected by the discretionary function exception."); Caudle v. United States, 72 F.3d 132 (7th Cir. 1995) (internal prison security is a matter normally left to the discretion of prison administrators and involves questions of public policy (citing Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981))).

Moreover, in this Circuit there is a presumption "that the exercise of discretion by a government official implicates a policy judgment." Carroll, 661 F.3d at 104. For a complaint to survive a motion to dismiss under the discretionary function exception, "it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Gaubert, 499 U.S. at 324-5. Because Plaintiff has not made such a showing, he has not met his

burden of demonstrating that the discretionary conduct was not policy-driven. See <u>Irving v. United States</u>, 162 F.3d 154, 168 (1st Cir. 1998).

Accordingly, Plaintiff's claim is barred by the discretionary function exception, and Defendant's request for dismissal is hereby **GRANTED**.[3]

**Conclusion**

For the reasons set forth above, Plaintiff's claim is **DISMISSED** for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of September, 2013.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[3] See <u>Bultema</u>, 359 F.3d at 379; <u>Manning</u>, 2012 WL 1078227; <u>Francis</u>, 2011 WL 3563146; <u>Jackson</u>, 2007 WL 2033902.